UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02166

FRED NEKOUEE, individually,

   Plaintiff,

vs.

SILVER LEAF DEVELOPMENT, LLC, a Colorado limited liability company; and

CHUB BURGER, LLC, a Colorado limited liability company;

   Defendants.
_____/

# COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, SILVER LEAF DEVELOPMENT, LLC, a Colorado limited liability company; and CHUB BURGER, LLC, a Colorado limited liability company (sometimes referred to as "Defendants"); for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2. Defendant SILVER LEAF DEVELOPMENT, LLC owns the property at and near 1225 Ken Pratt Boulevard, Longmont, Colorado 80501, in Boulder County ("Property").

3. Defendant CHUB BURGER, LLC's restaurant is located at the Property

("Chuburger").

4.     Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the property. The Defendants' Property and Chuburger are located in and do business within this judicial district.

5.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.     Defendants each own, lease, lease to, or operate a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(B) and (E), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

7.     The Property is a place of public accommodation.

8.     Chuburger is a place of public accommodation.

9.     Four Paws & Co. is a place of public accommodation at the Property.

10.    Defendants are each responsible for complying with the obligations of the ADA.

11.    Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

12.    Mr. Nekouee travels to the Longmont-Firestone area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

13.    Fred Nekouee has visited the Property which forms the basis of this lawsuit on August 1, 2018; August 2, 2018; September 30, 2018; and on May 8, 2019; and he bought goods

and sought to avail himself of the goods and services at the Property on such dates.

14. Fred Nekouee visited and bought food at Chuburger on August 1, 2018; September 30, 2018; and on May 8, 2019.

15. Fred Nekouee visited and bought goods for his neighbor's pet at Four Paws & Co. at the Property on August 2, 2018 and May 8, 2019.

16. Fred Nekouee attended a heavy equipment auction in the Longmont area on October 3, 2018 and again on May 8, 2019.

17. Fred Nekouee visited Rocky Mountain National Park on October 2, 2018.

18. Fred Nekouee also visited the Longmont, Colorado area from February 3-7, 2019.

19. Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the Property, Chuburger, and Four Paws & Co.

20. The Plaintiff has definite plans to return to the area and to the Property and to Chuburger in late September or early October 2019.

21. The Property and Chuburger are close to the hotels he stays at in the area and are close to the heavy equipment auction and dealerships he visits.

22. The Plaintiff likes the fast food and menu at Chuburger at the Property.

23. The Plaintiff plans to return to Chuburger to eat.

24. For the reasons set forth in paragraphs 12-23 and 36, Fred Nekouee plans to return to the Property and to Chuburger.

25. The Plaintiff has encountered architectural barriers at the Property.

26. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms there.

27. The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

28. The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

29. Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

30. On his visit to Property, the Plaintiff encountered excessively steep slopes in its parking lot.

31. The running slope of the access aisle in front of Chuburger on the accessible route to the entrance to Chuburger is steeper than 1:48.

32. The cross slope of the walking surface in front of Chuburger is steeper than 1:48.

33. The Plaintiff encountered and observed barriers to access in the men's restroom in Chuburger; and so, he also tried to use the women's restroom in Chuburger, in which women's restroom he also encountered and observed barriers to access.

34. The Plaintiff encountered and observed barriers to access in the men's restroom in Four Paws & Co.

35. The Plaintiff is deterred from visiting the Property even though he enjoys its goods, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

36. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 42 of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

37. Fred Nekouee desires to visit the Property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the Property without fear of discrimination.

38. The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

39. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

40. Physical conditions that exist at the Property are accurately described in each romanette "(i)" in each lettered subparagraph of paragraph 42 below

41. Preliminary inspections of Property and Chuburger show that violations of the ADA exist as set forth in paragraph 42 below.

42. The violations of the ADA that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a. (i) In the parking lot, the parking spaces for disabled patrons in front of Chuburger (shown in photograph below), Four Paws & Co., Larimore Chiropractor and Le Peep do not have signage with the words "van accessible."  (ii) For these parking spaces, there are

no signs identifying van accessible parking spaces with the designation "van accessible," in violation of Federal Law 2010, ADAAG §§ 208.2.4 and 502.6   (iii) The Plaintiff observed this lack of van accessible signage, and it deters him from visiting the Property. (iv) The action required to install signage with the designation "van accessible" is easily accomplishable and able to be carried out without much difficulty or expense.



b.   (i) In the parking lot, the parking space for disabled patrons in front of Chuburger shown in the photograph in subparagraph (a) above, has a running slope in its middle section that   is steeper than a slope of 1:48.   (ii) This running slope in the middle section of this parking space is steeper than the maximum allowed slope of 1:48, in violation of Federal Law 2010, ADAAG § 502.4.   (iii) While moving in his wheelchair, the Plaintiff encountered this steep slope and it made his wheelchair unstable.   (iv) The action required to reduce the slope of this parking space is easily accomplishable and able to be carried out without much difficulty or expense.

c.   (i) The change in level from the ramp to the walking surface in front of Chuburger is more than 0.5 inches.   (ii) This change in level from the access ramp to the walking

surface along the accessible route to Chuburger is about 1 inch and greater than the maximum allowed change in level of 0.5 inches, in violation of Federal Law 2010, ADAAG § 502.4 and 303.3.   (iii) While moving in his wheelchair, the Plaintiff encountered this change in level and it stopped the forward movement of his wheelchair, and he required assistance to move over this barrier to access.   (iv) The action required to reduce this change of level is easily accomplishable and able to be carried out without much difficulty or expense.

    d.   (i) The change in level from the ramp to the walking surface in front of Larimore Chiropractic is greater than 0.5 inches.   (ii) This change in level from the access ramp to the walking surface along the accessible route to Larimore Chiropractic is about 1 inch and greater than the maximum allowed change in level of 0.5 inches, in violation of Federal Law 2010, ADAAG § 502.4 and 303.3.   (iii) The Plaintiff observed this change of level, and it deters him form visiting the Property.   (iv) The action required to reduce the change in level between this access ramp and the walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

    e.   (i) In the parking lot, the access aisle serving the disabled parking spaces in front of Chuburger shown in the photograph in subparagraph (a) above has a running slope in its back section (further from the building) that is steeper than 1:48.   (ii) This section of this access aisle is steeper than about 4% and steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4   (iii) While moving in his wheelchair, the Plaintiff encountered this steep running slope of this area of the access aisle, and it made his wheelchair unstable.   (iv) The action required to reduce the slope of this access aisle is easily accomplishable and able to be carried out without much difficulty

or expense.

    f.   (i) In the parking lot, the access aisle serving the disabled parking spaces in front of Larimore Chiropractic has a running slope in its back section (further from the building) that is steeper than 1:48.   (ii) This section of this access aisle is steeper than about 4% and steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4   (iii) The Plaintiff observed this steep slope in this access aisle, and it deters him from visiting the Property.   (iv) The action required to reduce the slope of this access aisle is easily accomplishable and able to be carried out without much difficulty or expense.

    g.   (i) The cross slope of the walking surface in front of the entrance to Chuburger is steeper than a slope of 1:48.   (ii) The cross slope of this walking surface is steeper than 1:48, in violation of Federal Law 2010, ADAAG § 403.3.   (ii) Due to its steep cross slope, the Plaintiff's wheelchair was made unstable while he moved in his wheelchair on this walking surface along the accessible route from the parking space for disabled patrons to the entrance to Chuburger.   (iv) The action required to reduce the cross slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

    h.   (i) The cross slope of the walking surface in front of Le Peep is steeper than a slope of 1:48.   (ii) The cross slope of this walking surface is steeper than 1:48, in violation of Federal Law 2010, ADAAG § 403.3.   (ii) Due to its steep cross slope, the Plaintiff's wheelchair was made unstable while he moved in his wheelchair on this walking surface. (iv) The action required to reduce the cross slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

i.   (i) The running slope of the ramp in front of Chuburger (the ramp shown in the photograph in subparagraph (a) above) is steeper than a slope of 1:12.   (ii) The running slope of this access ramp is steeper than 1:12, in violation of Federal Law 2010, ADAAG § 405.2.   (ii) Due to its steep running slope, the Plaintiff's wheelchair was made unstable while he moved in his wheelchair on this ramp along the accessible route from the parking space for disabled patrons to the entrance to Chuburger.   (iv) The action required to reduce the running slope of this ramp is easily accomplishable and able to be carried out without much difficulty or expense.

j.   (i) The running slope of the ramp in front of Larimore Chiropractic is steeper than a slope of 1:12.   (ii) The running slope of this access ramp is steeper than 1:12, in violation of Federal Law 2010, ADAAG § 405.2.   (ii) The Plaintiff observed this access ramp.   (iv) The action required to reduce the running slope of this ramp is easily accomplishable and able to be carried out without much difficulty or expense.

k.   (i) The ramps in front of Chuburger, Saigon Xpress, Larimore Chiropractic, and Le Peep project into access aisles.   (ii) These access ramps project into access aisles, in violation of Federal Law 2010, ADAAG § 406.5 and 502.4.   (iii) The Plaintiff encountered the access ramp in front of Chuburger and observed the access ramps in font of Saigon Xpress, Larimore Chiropractic, and Le Peep.   (iv) The actions required to relocate these access ramps are easily accomplishable and able to be carried out without much difficulty or expense.

**CHUBURGER ENTRANCE DOOR AND SERVICE AREA**

l.   (i) The force needed to the open the entrance door to Chuburger is more than 5 pounds.   (ii) The force needed to open this door is about 10 pounds and greater than the

9

maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter Chuburger.  (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

    m.  (i) The surface of the counters in Chuburger are higher than 36 inches above the floor.  (ii) A portion of the counter surface for a parallel approach that is a minimum of 36 inches long and a maximum of 36 inches high above the finish floor is not provided, in violation of Federal Law 2010, ADAAG § 904.4.1.   (iii) From his wheelchair, the Plaintiff could not reach items on these counters.  (iv) The action required to provide a portion of the counter surface that is a minimum of 36 inches long and a maximum of 36 inches high above the finish floor, is easily accomplishable and able to be carried out without much difficulty or expense.

    **CHUBURGER MEN'S RESTROOM**

    n.  (i) The force needed to the open the entrance door to the men's restroom in Chuburger is more than 5 pounds.  (ii) The force needed to open this door is about 10 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.  (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter the men's restroom in Chuburger. (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

o. (i) The length of time for the door to the men's restroom in Chuburger to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds. (ii) The length of time for the door to the men's restroom to close from an open position of 90 degrees to 12 degrees from the latch is about 3 seconds and less than the minimum required time of 5 seconds, in violation of Federal Law 2010, ADAAG § 404.2.8.1. (iii) Due to the short time for this door to the men's restroom to close, the door closed on his wheelchair before the Plaintiff could not make it through the door. (iv) The action required to adjust the door closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

p. (i) In the men's restroom in Chuburger, a door pull is not provided on both sides of the door near the latch of the toilet compartment. (ii) A door pull is not provided on both sides of this door near the latch, in violation of Federal Law 2010, ADAAG § 604.8.1.2. (iii) Due to the lack of door pulls on the door to the accessible toilet compartment door, the Plaintiff could not fully close the door when he used the toilet. (iv) The action required to install door pulls on both sides of the door to the accessible toilet compartment is easily accomplishable and able to be carried out without much difficulty or expense.

q. (i) In the men's restroom in Chuburger, the operation of the door latch to the toilet compartment door requires tight grasping, pinching, or twisting of the wrist. (ii) The operation of this door latch to the accessible toilet compartment door requires tight grasping, pinching, or twisting of the wrist, in violation of Federal Law 2010, ADAAG §§ 309.4 and 404.2.7. (iii) The Plaintiff could not operate this door latch with a closed fist or loose grip. (iv) The action required to install a door latch on this accessible toilet

compartment door that could be operated with a closed fist or loose grip is easily accomplishable and able to be carried out without much difficulty or expense.

    r.    (i) In the men's restroom in Chuburger, the lavatory drain pipes under the sinks are not insulated.   (ii) As shown in the photograph below, the lavatory drain pipes under the sinks in this men's restroom are not insulated, in violation of Federal Law 2010, ADAAG § 606.5.   (iii) Due to the lack of insulation on the drain pipes under the sinks in this men's restroom, the Plaintiff risked skin burns and injury to his legs when he used one of the sinks.   (iv) The action required to insulate the drain pipes under these sinks is easily accomplishable and able to be carried out without much difficulty or expense.



    s.    (i) In the men's restroom in Chuburger, the liquid soap dispenser outlet is higher than 48 inches above the floor.   (ii) The outlet to this liquid soap dispenser is higher than 48 inches above the finish floor and outside of the reach range of an individual in a

wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.1.   (iii) Due to its height above the floor, from his wheelchair, the Plaintiff could not obtain soap from this outlet on his own.   (iv) The action required to relocate this liquid soap dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

### WOMEN'S RESTROOM IN CHUBURGER

t.   (i) The force needed to the open the entrance door to the women's restroom in Chuburger is more than 5 pounds.   (ii) The force needed to open this door is about 13 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter the women's restroom in Chuburger.   (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

u.   (i) In the women's restroom in Chuburger, a door pull is not provided on both sides of the door near the latch of the toilet compartment.   (ii) A door pull is not provided on both sides of this door near the latch, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   (iii) Due to the lack of door pulls on the door to the accessible toilet compartment, the Plaintiff could not fully close the door when he used the toilet.   (iv) The action required to install door pulls on both sides of the door to the accessible toilet compartment is easily accomplishable and able to be carried out without much difficulty or expense.

v.   (i) In the women's restroom in Chuburger, the door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is blocked by a

trash can and is less than 18 inches.   (ii) This door pull side maneuvering clearance in front approach beyond the latch and parallel to the doorway is blocked by a trash can and is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   (iii) Due to this lack of maneuvering clearance space, the Plaintiff required assistance to exit the women's restroom while moving in his wheelchair.   (iv) The actions required to relocate this trash can and to put in place a written policy not to place a trash can by this door are easily accomplishable and able to be carried out without much difficulty or expense.

w.   (i) In the women's restroom in Chuburger, the centerline of the where the toilet paper is dispensed from the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of where the toilet paper is dispensed from the toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of where toilet paper is dispensed, the Plaintiff could not reach toilet paper from this dispenser from a normal sitting position on the toilet.   (iv) The action required to install a dispenser that holds extra rolls in a vertical position so that the centerline of where the toilet paper is dispensed is between 7 and 9 inches from the front of the toilet is easily accomplishable and able to be carried out without much difficulty or expense.

**FOUR PAWS & CO. MEN'S RESTROOM**

x.   (i) In the men's restroom in Four Paws & Co., the door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is blocked by a vending machine and is less than 18 inches.   (ii) This door pull side maneuvering clearance in front approach beyond the latch and parallel to the doorway is blocked by a vending

14

machine and is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.  (iii) Due to this lack of maneuvering clearance space, the Plaintiff required assistance to open this door.  (iv) The action required to relocate the vending machine near this doorway is easily accomplishable and able to be carried out without much difficulty or expense.

    y.  (i) In the men's restroom in Four Paws & Co., the side wall grab bar in the toilet compartment does not extend at least 54 inches from the rear wall.  (ii) This side wall grab bar does not extend a minimum of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010, ADAAG § 604.5.1.  (iii) Due to its lack of adequate extension from the rear wall, the Plaintiff had difficulty using this side wall grab bar to transfer himself from his wheelchair to the toilet and back again.  (iv) The action required to replace this side wall grab bar is easily accomplishable and able to be carried out without much difficulty or expense.

    z.  (i) In the men's restroom in Four Paws & Co., the lavatory drain pipe and one of the supply pipes under the sink are not insulated.  (ii) As shown in the photograph below, the lavatory drain pipe and one of the supply pipes under the sink in this men's restroom are not insulated, in violation of Federal Law 2010, ADAAG § 606.5.  (iii) Due to the lack of insulation of the drain pipe under the sink in this men's restroom, the Plaintiff risked skin burns and injury to his legs when he used the sink.  (iv) The action required to fully insulate the pipes under this sink is easily accomplishable and able to be carried out without much difficulty or expense.



aa.  (i) In the men's restroom in Four Paws & Co., the distance from the centerline of the toilet to the side wall is greater than 18 inches.  (ii) The centerline of this toilet is not located between 16 inches and 18 inches from the side wall, in violation of Federal Law 2010, ADAAG § 604.2.  (iii) Due to the distance of the centerline of this toilet from the side wall, the Plaintiff had difficulty using the side wall grab bar from the toilet and reaching the toilet paper.  (iv) The action required to relocate this toilet is easily accomplishable and able to be carried out without much difficulty or expense.

bb.  (i) In the men's restroom in Four Paws & Co., the flush control of the toilet is mounted on the side of the toilet closest to the side wall.  (ii) This toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010, ADAAG § 604.6.  (iii) Due to the location of this flush control, the Plaintiff could not reach this flush control from his wheelchair.  (iv) The action required

16

to replace the toilet tank with a flush control mounted on the other side is easily accomplishable and able to be carried out without much difficulty or expense.

43. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

44. The discriminatory violations described in paragraph 42 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

45. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

46. Defendants have discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

47. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take

such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

48. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

49. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

50. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

51. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

52.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Property, Chuburger, and the parking lot, access aisles and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Denver, Colorado as the place of trial for this action.

                                              Respectfully submitted,

                                              s/Robert J. Vincze_____
                                              Robert J. Vincze (CO #28399)
                                              Law Offices of Robert J. Vincze
                                              PO Box 792; Andover, Kansas 67002
                                              Phone: 303-204-8207
                                              Email: vinczelaw@att.net

                                              *Attorney for Plaintiff Fred Nekouee*